# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### GREENVILLE DIVISION

**CANDRA CLARK**                                                   **PETITIONER**

**v.**                                        **No. 4:23-CV-63-CWR-LGI**

**STATE OF MISSISSIPPI**                                         **RESPONDENT**

## ORDER CONSTRUING PETITION AS A MOTION TO CHALLENGE DETENTION IN PETITIONER'S CRIMINAL CASE, DISMISSING MOTION TO PROCEED *IN FORMA PAUPERIS*

This matter comes before the Court on the *pro se* pleading of Candra Clark styled as a writ of *habeas corpus*. Docket No. 1. The initial pleading was disjointed and lengthy, and Ms. Clark identified her pleading as a request for *habeas corpus* relief. The Court determined then that the best fit appeared to be a writ of *habeas corpus* under 28 U.S.C. § 2241. Consequently, the Court provided her with the standard form for seeking such relief, and she completed and returned it as her amended petition. Docket No. 10. Upon detailed review, however, Ms. Clark's pleading instead appears to be a request for review of the Magistrate Judge's October 4, 2022, pre-trial detention order under 18 U.S.C. § 3142 in her federal criminal case (*United States v. Clark*, No. 3:22-CR-131-CWR-LGI).[1] By statute, a defendant may request review of her federal pretrial detention order only through a motion under 18 U.S.C. § 3145.[2]

As Ms. Clark has since been convicted on Count I of her Indictment, she is no longer

---

[1] As Candra Clark is proceeding *pro se* in this case, the Court has construed her pleadings liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972) (courts must construe *pro se* litigant's submissions liberally).

[2] A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is not the appropriate vehicle to challenge an order for pretrial detention in a federal criminal case. *See Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988); *see also Williamson v. Driver*, 386 F. App'x 491 (5th Cir. 2010). Instead, 18 U.S.C. § 3145 is the proper statute for such a challenge. *Id.*

being detained under the Magistrate Judge's detention order. *See United States v. Clark*, No. 3:22-CR-131-CWR-LGI, Docket No. 11. Instead, she is currently being detained under authority of the detention order issued in her criminal case under 18 U.S.C. § 3143, which governs detention of a defendant after conviction, but before sentencing.[3]

In any event, as 28 U.S.C. § 2241 is not the proper vehicle for seeking relief from a detention order in a federal criminal case, the instant petition under § 2241 will be dismissed without prejudice to Ms. Clark's ability to seek relief via motion under 18 U.S.C. § 3145 in her criminal case.

In light of the Court's construction of the instant petition as a challenge to the Magistrate Judge's October 4, 2022, pre-trial detention order in her criminal case:

(1)  The instant case is **DISMISSED** without prejudice to Ms. Clark's ability to seek relief via motion under 18 U.S.C. § 3145 in her criminal case;

(2)  Ms. Clark's motion to proceed as a pauper, Docket No. 11, is **DISMISSED** as moot;

(3)  The Clerk of the Court is **DIRECTED** to file Ms. Clark's Amended Petition, Docket No. 10, and Supplement Docket No. 12, to her petition, *nunc pro tunc*, as a single document in her criminal case (*United States v. Clark*, No. 3:22-CR-131-CWR-LGI) styled as a "Motion for Review of Detention Order"; and

(4)  This case is **CLOSED**. A separate Final Judgment shall issue.

**SO ORDERED**, this the 27th day of October, 2023.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[3] After the jury verdict, the Court stated that Ms. Clark would remain in the custody of the U.S. Marshals.